# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-848V
Filed: February 24, 2023
UNPUBLISHED

|  |  |
|---|---|
| KIM HILL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza (Flu) vaccine |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Lynn Schlie*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 26, 2021, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her receipt of an influenza vaccination on August 15, 2020, caused redness, swelling, tightness and pain in her left foot and ultimately a stress fracture. (ECF No. 1.) On February 7, 2022, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 44.) On April 12, 2022, I held a status conference where I discussed the need for petitioner to secure a medical opinion supporting her claim. (ECF No. 46.)

On February 24, 2023, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 56.) Petitioner indicated that "[a]fter careful review of the case Petitioner is unable to comply with the Court's order" requiring her to produce an expert report. (*Id*.) While petitioner "maintains her position that the vaccine in question was a substantial factor in causing her cellulitis…given the foregoing, it seems unlikely that Petitioner will be able to meet her burden of proof required in the Vaccine Program."

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

(*Id.*) Petitioner further stated that she "understands that a decision dismissing her Petition will result in a judgment against her and will end her rights in the Vaccine Program." (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support her allegations by a preponderance of the evidence and she has not filed a medical opinion from an expert in support of her allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

                                                 **s/Daniel T. Horner**
                                                 Daniel T. Horner
                                                 Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.