# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-848V
Filed: April 23, 2024

---

KIM HILL,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

---

*Richard Gage, Richard Gage, P.C., Cheyenne, WY,* for petitioner.
*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

On January 26, 2021, petitioner, acting *pro se*, filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012), alleging that she suffered a left foot injury caused by her August 15, 2020 influenza ("flu") vaccination. (ECF No. 1.) More specifically, petitioner alleged she suffered an inflammatory response from her vaccination that resulted in foot swelling that in turn resulted in a stress fracture. (*Id*. at 2.) Petitioner's counsel of record entered the case on July 12, 2022, and attempted to locate an expert to support the claim, but could not. The case was voluntarily dismissed on February 24, 2023. (ECF Nos. 50, 56-57.) Subsequently, petitioner's counsel moved for an award of attorneys' fees and costs totaling $4,867.80. (ECF No. 61.) Respondent opposes any award, contending the case lacked a reasonable basis. (ECF No. 62.) Petitioner filed a reply on September 27, 2023. (ECF

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

No. 63.) Accordingly, the motion is ripe for resolution. For the reasons discussed below, I find that petitioner is *not* entitled to an award of attorneys' fees and costs.

## I.    Factual History

The following is a very brief summary of petitioner's post-vaccination medical history. Although this summary reflects only an overview of that history, I have reviewed all of the medical records and other documents in evidence and have considered the record as a whole in reaching my conclusion.

As respondent observes in his response, petitioner's pre-vaccination medical history is notable for preexisting conditions that resulted in bilateral lower leg swelling. (ECF No. 62, pp. 2-3.) Nonetheless, petitioner's medical records do reflect a distinct onset of left foot symptoms post-vaccination. Specifically, petitioner presented for care to her primary care provider on September 10, 2020, approximately 26 days post-vaccination, complaining of a two-week course of left foot and ankle swelling.[2] (ECF No. 21, pp. 46-47.) After erythema of the left ankle and foot was observed on physical exam, petitioner was diagnosed with cellulitis and prescribed an antibiotic. (*Id*. at 48.) A follow up x-ray of the foot was also negative.[3] (*Id*. at 32, 47.) Follow up blood work was also ordered, specifically sedimentation rate and C-reactive protein. (*Id*. at 48.) The sedimentation rate was abnormal, but the C-reactive protein was not. (*Id*. at 55, 57.) As petitioner observes in her reply, cellulitis is an infection that can be caused by vaccine-related puncture wound, but is not necessarily limited to occurring at the site of injection. (ECF No. 63, p. 3 (citing *Roscoe v. Secretary of Health and Human Services*, 11-206V, 2020 WL 4197298, at *25 (Fed. Cl. Spec. Mstr. June 8, 2020).) However, petitioner's prior vaccination was not discussed at her initial encounter as a cause of her diagnosed cellulitis. (ECF No. 21, pp. 46-47.)

Five days later, petitioner had a telehealth follow up with her primary care doctor. (ECF No. 21, p. 43.) At that time, she additionally reported additional foot weakness separate from her previously reported foot pain and raised the concern that her symptoms may be post-vaccination Guillain-Barre Syndrome. ("GBS"). (*Id*.) Based on this report, a neurology referral was recommended (*Id*.); however, on September 21, 2020, petitioner instead sought care from a podiatrist (ECF No. 23, pp. 3-4.) The podiatrist recorded a history of pain and swelling of the left foot that petitioner attributed to her vaccination. (*Id*. at 3.) However, petitioner denied weakness and had normal strength and range of motion upon examination. (*Id*.) A repeat x-ray showed periosteum reaction of the second metatarsal which was interpreted as being consistent with a stress fracture. (*Id*. at 4.) The podiatrist felt petitioner's pain and swelling of the left foot were consistent with a stress fracture. (*Id*. at 3.) Petitioner was diagnosed with

---

[2] While this medical record specifically places onset of her left foot symptoms 12 days post-vaccination, petitioner asserted in her petition that she began experiencing these symptoms the day after her vaccination. (ECF No. 1, p. 1.)

[3] However, in her affidavit petitioner asserts that her provider called her and told her the x-ray was abnormal, specifically that "it looked like my bones were crushed." (ECF No. 24, p. 2.)

a nondisplaced fracture of her left second metatarsal and was placed in a pressure relief shoe.  (*Id.* at 4.)  An 8-week recovery period was anticipated.  (*Id.*)  However, as respondent discusses in his response, petitioner continued to complain of ongoing symptoms of her stress fracture well beyond that time.  (ECF No. 62, p. 5.)

Petitioner returned to her podiatrist on June 9, 2021.  (ECF No. 20, pp. 3-4.)  It was noted that it would be unusual for the symptoms of a stress fracture to persist for so long.  (*Id.* at 4.)  Accordingly, an MRI was recommended.  (*Id.*)  The podiatrist felt that petitioner's vitamin D levels could explain some of the pain, but not the swelling.  (*Id.*)  Petitioner's diagnosis for this encounter was "other acquired deformities of left foot."  (*Id.*)  Petitioner's podiatrist never discussed the cause of petitioner's condition, whether as a stress fracture or as any "other acquired deformity."

## II.     Legal Standard

Petitioners who are denied compensation for their claims brought under the Vaccine Act may still be awarded attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1360-61 (Fed. Cir. 2012).  But even when a claim was brought in good faith and has a reasonable basis, a special master may still deny attorneys' fees.  *See* 42 U.S.C. § 300aa-15(e)(1); *Cloer*, 675 F.3d at 1364.

"Good faith" and "reasonable basis" are two distinct requirements under the Vaccine Act.  *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017).  Good faith is a subjective inquiry while reasonable basis is an objective inquiry that does not factor subjective views into consideration.  *See James-Cornelius ex rel. E.J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021).  In this case, petitioner's good faith is not challenged, leaving only the question of whether there was a reasonable basis for the filing of the petition.

Determining whether there was a reasonable basis involves examining the *prima facie* petition requirements of section 300aa-11(c)(1) of the Vaccine Act.  *Cottingham ex rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020).  Specifically, the petition must be accompanied by an affidavit and supporting documentation showing that the vaccinee:

> (1) received a vaccine listed on the Vaccine Injury Table;
> (2) received the vaccination in the United States, or under certain stated circumstances outside of the United States;
> (3) sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine;

3

(4) experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and
(5) has not previously collected an award or settlement of a civil action for damages for the same injury.

42 U.S.C. § 300aa-11(c)(1).

The evidentiary standard for establishing a reasonable basis as a prerequisite to an award of attorneys' fees and costs is lower than the evidentiary standard for being awarded compensation under the Vaccine Act. To establish a reasonable basis for attorneys' fees, the petitioner need not prove a likelihood of success. *See Woods v. Sec'y of Health & Human Servs.*, No. 10-377V, 2012 WL 4010485, at *5-6 (Fed. Cl. Spec. Mstr. Aug. 23, 2012). Instead, the special master considers the totality of the circumstances and evaluates objective evidence that, while amounting to less than a preponderance of evidence, constitutes "more than a mere scintilla" of evidence. *Cottingham*, 971 F.3d at 1344, 1346; *see also Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 287 (2018). Counsel's conduct may be a factor in assessing good faith, but not reasonable basis. *Simmons*, 875 F.3d at 635-36.

Determining what constitutes "more than a mere scintilla" of evidence has been acknowledged to be a "daunting task." *Cottingham v. Sec'y of Health & Human Servs.*, 154 Fed. Cl. 790, 795 (2021). The required showing has been characterized as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Id*. (quoting *Sedar v. Reston Town Ctr. Prop, LLC,* 988 F. 3d 756, 765 (4th Cir. 2021) (citations omitted)). "More than a mere scintilla" of objective evidence supporting causation can derive from medical records that provide "only circumstantial evidence of causation." *James-Cornelius,* 984 F.3d at 1379. For example, in *James-Cornelius* the Federal Circuit found significance in (1) petitioner's medical records containing a doctor's note questioning whether a vaccine adverse event should be reported, (2) the medical course suggesting a challenge-rechallenge event of petitioner's symptoms becoming worse after additional injections of the vaccine, (3) medical articles hypothesizing that the vaccine can cause the symptoms at issue, and (4) petitioner having suffered some of the same symptoms that were listed in the vaccine's package insert as potential adverse reactions of the vaccine.[4] *Id.* at 1380-81; *see also Cottingham*, 971 F.3d at 1346 (finding that petitioner's medical records showed, at minimum, circumstantial evidence of causation where petitioner's medical records showed that petitioner received the Gardasil vaccine and subsequently

---

[4] Nothing in *James Cornelius* suggests the full extent of what may constitute circumstantial evidence, but the four examples of circumstantial evidence in *James-Cornelius* provide some guidance regarding the types of circumstantial evidence that may be considered in determining whether a reasonable basis was established. Conversely, the Federal Circuit also stressed in *James-Cornelius* that an award of attorneys' fees and costs is within the special master's discretion and remanded the case for further proceedings. *See* 984 F.3d at 1381. Accordingly, it is also not the case that the presence of these specific elements of circumstantial evidence necessarily compel a finding that reasonable basis exists.

experienced symptoms that were identified in the Gardasil package insert as potential adverse reactions of the vaccine).

### III. Party Contentions

Respondent argues that there is no medical opinion available in this case, whether from a treating physician or from a retained expert, casually attributing petitioner's foot injury to her vaccination. (ECF No. 62, p. 8.) Respondent further argues that the medical records are insufficient to indicate that the onset of petitioner's alleged symptoms occurred within a timeframe from which vaccine causation could be inferred. (*Id*.) Respondent asserts that petitioner has provided no evidence to demonstrate that her post-vaccination symptoms were not wholly attributable to her preexisting conditions. (*Id*. at 8-9.) Accordingly, the petitioner did not have a reasonable basis for filing. (*Id*. at 9.)

Petitioner stresses that she was diagnosed with cellulitis that occurred after her vaccination. (ECF No. 63, p. 3.) She explains that cellulitis is a form of bacterial infection that can be caused by a needle stick. (*Id*.) Further, petitioner contends that such infections can enter the blood stream and ultimately manifest in parts of the body remote to the bacterial point of entry into the body. (*Id*.) Petitioner argues that her stress fracture was a result of walking on a foot compromised by cellulitis. (*Id*. at 3-4.) The sequela of the stress fracture, in turn, persisted for at least six months. (*Id*. at 4.)

Petitioner's counsel explains:

> In this case, Ms. Hill, while acting pro se, had been ordered to produce an expert report before approaching the undersigned firm. Considering the totality of the circumstances, including the posture of the case, the undersigned firm believed reasonable basis existed to enter the case and approach an expert to help Ms. Hill comply with the order of this Special Master. Ultimately, no expert could be found that would support Ms. Hill's claim. The undersigned firm then approached Ms. Hill to explain the situation. After thorough discussion, Ms. Hill agreed to dismiss her case. The motion to dismiss, which this Special Master granted, was filed on February 24, 2023.

(ECF No. 63, p. 4.)

### IV. Discussion

As noted above, demonstration of a reasonable basis for the filing of a petition involves examination of the objective evidence available to support the *prima facie* petition requirements under section 11(c) of the Vaccine Act. *Cottingham*, 971 F.3d at 1345-46. Thus, petitioner must have presented "more than a mere scintilla of evidence" that she "sustained (or had significantly aggravated) an injury as set forth in the Vaccine Injury Table (42 C.F.R. § 100.3(e)) or that was caused by the vaccine." *Id*. at 1346.

In this case, regardless of whether respondent is correct to attribute petitioner's symptoms to her preexisting conditions, the nature of petitioner's allegedly vaccine-caused condition remains unclear.[5]  In her petition, petitioner asserted that an inflammatory reaction led to swelling and a stress fracture.  (ECF No. 1, p. 2.)  However, in her first post-vaccination medical encounter, she was initially diagnosed with an infection, rather than any inflammatory reaction to the vaccination.  (ECF No. 21, pp. 47-48.)  She subsequently raised a concern to her primary care provider that she was suffering GBS due to weakness she was experiencing (*Id.* at 43); however, she was never diagnosed as having GBS and was found not to have weakness during a later exam (ECF No. 23, pp. 3-4).  Her podiatrist initially diagnosed a stress fracture to explain her presentation (seemingly displacing the initial cellulitis diagnosis) (*Id.*), but then much later appears to have doubted that petitioner's stress fracture actually explained petitioner's symptoms of left foot pain and swelling (ECF No. 20, pp. 3-4). Moreover, as respondent stresses, petitioner did have a prior history of lower extremity swelling.  (ECF No. 62, pp. 2-3.)  Thus, petitioner's medical records are unclear with respect to what injury explains the symptoms she alleges to have been vaccine caused. Petitioner was also unable to come forward with any expert opinion that could otherwise make sense of these competing diagnoses discussed in the medical records.  Medical records can evidence the necessary showing for reasonable basis circumstantially. *James-Cornelius*, 984 F.3d at 1379-80.  However, special masters still look to whether the claim is "feasible" (as opposed to likely to succeed) based on the totality of the circumstances, which includes the factual basis for the claim.  *Woods*, 2012 WL 4010485, at *6-7; *Amankwaa,* 138 Fed. Cl. at 287.  Here, the factual basis for petitioner's specific claim is minimal at best.

In any event, assuming that petitioner's medical records were sufficient to identify the presence of both cellulitis and a stress fracture, the requisite scintilla of evidence of vaccine causation is also lacking.  *Nothing* in the medical records supports petitioner's assertion that her alleged cellulitis was initially caused by her vaccination or that the alleged stress fracture was in turn causally related to the cellulitis.  Neither petitioner's primary care physician nor her podiatrist discussed the underlying cause of her cellulitis and stress fracture respectively. (ECF No. 21, pp. 45-49; ECF No. 23, pp. 3-4; ECF No. 20, pp. 3-4.)  Moreover, petitioner's podiatrist concluded the pain and swelling previously diagnosed as cellulitis was instead consistent with her stress fracture. (ECF No. 23, pp. 3-4.)  Absent vaccine-caused swelling, petitioner has not articulated any

---

[5] Most analyses of reasonable basis focus on the causation aspect of the petitioner requirements; however, section 11(c) of the Vaccine Act also requires that "[a]n off-Table petitioner, who does not benefit from a presumption of causation, must specify [her] vaccine-related injury" in order to "shoulder the burden of proof on causation."  *Broekelschen v. Sec'y of Health & Human Servs.*, 618 F.3d 1339, 1346 (Fed. Cir. 2010).  "Although the Vaccine Act does not require absolute precision, it does require the petitioner to establish an injury—the Act specifically creates a claim for compensation for 'vaccine-related injury or death.'"  *Stillwell v. Sec'y of Health & Human Servs.*, 118 Fed. Cl. 47, 56 (2014) (emphasis omitted) (quoting 42 U.S.C. § 300aa-11(c)(1)), *aff'd*, 607 F. App'x. 997 (Fed. Cir. 2015).  Therefore, petitioner must assert "more than just a symptom or manifestation of an unknown injury."  *Broekelschen*, 618 F.3d at 1349.

basis for supposing that the stress fracture could otherwise have been a consequence of the vaccination.

To the extent petitioner cites prior caselaw for the proposition that cellulitis *can be* vaccine caused, this fact alone is not dispositive of the reasonable basis question even as it may constitute *some* relevant circumstantial evidence. Cellulitis is simply a form of bacterial infection. It is not uniquely associated with injection-related wounds. Moreover, petitioner's explanation that the cellulitis can in some instances manifest in a part of the body remote to the injection site, even if ultimately considered plausible, still posits a further unsupported inferential leap as compared to other cases where the physical relationship between puncture wound and infection is apparent. Although an express medical opinion is not necessarily required, *James-Cornelius*, 984 F.3d at 1378, temporal association between vaccination and an alleged injury standing alone does not support a reasonable basis for a petitioner's filing of a cause-in-fact claim. *Bekiaris v. Sec'y of Health & Human Servs.*, 140 Fed. Cl. 108, 114-15 (2018). Here, the circumstances are not inherently suspicious for vaccine causation and there is not any expression of suspicion of vaccine causation by any treating physician.

Additionally, as noted above, there is a lack of objective medical evidence causally tying petitioner's alleged cellulitis to her alleged stress fracture.[6] This is further significant with respect to the Vaccine Act's severity requirement. Petitioner has not asserted, nor would the record provide any evidence to support, that her alleged cellulitis alone (if it had been present at all) persisted for at least six months post-vaccination. 42 U.S.C. § 300aa-11(c)(1)(D). Several decisions by the Court of Federal Claims have explained that "a petitioner has no reasonable basis to bring a claim that is facially devoid – or insurmountably deficient, as the case may be – with respect to an element necessary to establish entitlement." *Cottingham v. Sec'y of Health & Human Servs.*, 159 Fed. Cl. 328, 334 (2022); *see also Goodgame v. Sec'y of Health & Human Servs.*, 157 Fed. Cl. 62, 68 (2021) ("[A] claim that on its face . . . is not supported by the materials required by the Vaccine Act for a special master to be able to legally award compensation does not have a reasonable basis."). Accordingly, even if there was more than a mere scintilla of evidence supporting vaccine-caused cellulitis, this still would not support a reasonable basis without more.

Petitioner's counsel argues that he acted reasonably in initially taking on a *pro se* case that had already been filed and in ultimately bringing this petitioner's case to a close. (ECF No. 63, p. 4.) However, the Federal Circuit has specifically confirmed that "counsel's subjective views on the adequacy of the complaint" are beyond the totality of the circumstances that may inform a reasonable basis analysis. *James-Cornelius*, 984 F.3d at 1379. Had this case initially had a reasonable basis, I would have found that the hours counsel billed were reasonable. But the fact that counsel brought the case to a

---

[6] Petitioner's initial x-ray ordered by her primary care provider could theoretically provide some evidence potentially suggesting the stress fracture did occur sometime after she was diagnosed with cellulitis given that no stress fracture was specifically observed. However, petitioner herself asserts that her primary care provider did tell her the x-ray was abnormal. (*Compare* ECF No. 21, p. 32 *and* ECF No. 24, p. 2.) But in any event, the x-ray alone at most speaks to timing.

7

reasonable conclusion cannot create a reasonable basis for the petition where none otherwise existed.

### V.   Conclusion

In light of all of the above, I find that petitioner has not demonstrated that she had a reasonable basis to file this petition.  Petitioner's motion for attorneys' fees and costs is **DENIED** and no award for attorneys' fees and costs is made.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master